IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES H. SHRIEVES,  :
    Petitioner  :
v.  : CIVIL NO. 3:CV-18-1683
PA. BOARD OF PROBATION  :
AND PAROLE,  : (Judge Conaboy)
    Respondent  :
_____

## MEMORANDUM
### Background

    This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by James H. Shrieves who describes himself as being a resident of Lancaster, Pennsylvania. Accompanying the petition is a motion for appointment of counsel. The required filing fee has been paid.

    Named as Respondent is the Pennsylvania Board of Probation and Parole.[1] Petitioner states that he was convicted of being a person not to possess a firearm, possession of drug paraphernalia, and possession with intent to deliver cocaine following a jury trial in the Lancaster County Court of Common Pleas. Shrieves was sentenced to a four (4) to eight (8) year term of imprisonment on January 21, 2015. The judgment of

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

1

sentence was affirmed by the Superior Court of Pennsylvania on December 16, 2015. The Petitioner also unsuccessfully challenged his conviction and sentence via proceedings under Pennsylvania's Post Conviction Relief Act (PCRA).[2]

Petitioner's present action claims entitlement to federal habeas corpus relief on the grounds that he was provided with ineffective assistance of counsel during a suppression hearing

## **Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of

---

[2] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2

> justice may transfer the application to the other district court for hearing and determination.

Petitioner states that he is presently residing in Lancaster, Pennsylvania which is located within the confines of the United States District Court for the Eastern District of Pennsylvania. Shrieves is attacking the legality of a sentence which was imposed by the Lancaster County Court of Common Pleas, which is also located within the jurisdiction of the Eastern District of Pennsylvania. See 28 U.S.C. § 118(a).

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since Petitioner's present place of residence and the sentencing court, as well as any records, witnesses and defense counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate

Order will enter.

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: OCTOBER 2, 2018